## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES,<br><br>*Plaintiff*,<br><br>v.<br><br>THE ANIMAL AND PLANT HEALTH INSPECTION SERVICE,<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>SONNY PERDUE, in his official capacity as Secretary of the United States Department of Agriculture,<br><br>*Defendants*. | Civil Action No.18-646 (TNM) |

## ANSWER

Defendants, the United States Department of Agriculture ("USDA") and the Animal and Plant Health Inspection Service ("APHIS"), by and through the undersigned counsel, hereby answer Plaintiff The Humane Society of the United States' ("HSUS") Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as follows:

## FIRST DEFENSE

Defendants reserve the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA or the Privacy Act, 5 U.S.C. §§ 552, 552a.

**THIRD DEFENSE**

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

**FOURTH DEFENSE**

Plaintiff is not entitled to attorneys' fees or costs.

**FIFTH DEFENSE**

At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

**SIXTH DEFENSE**

Defendants have not improperly withheld information under the FOIA.

**SEVENTH DEFENSE**

As to some or all of the claims asserted in this action, the agency is the only proper defendant.  5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(f)(1).

**DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS**

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, Defendants admit, deny, and otherwise aver as follows.  Any allegations not specifically admitted are hereby denied.  Headers are included for convenience only but do not constitute admissions by Defendants.

1.   Paragraph 1 contains legal conclusions and Plaintiff's characterization of its action to which a response is not required.  To the extent a response is deemed required, Defendants admit that Plaintiff purports to bring a case under the Freedom of Information Act concerning records that pertain to the Animal Welfare Act ("AWA"), 7 U.S.C. § 2131, but otherwise deny the allegations.

2.   Paragraph 2 contains legal conclusions and Plaintiff's characterizations to which a response is not required; in addition the allegations contained in this paragraph are immaterial and impertinent to this action and, therefore, no response is required.  To the extent a response is required, Defendants admit only that (1) Animal and Plant Health Inspection Service ("APHIS") administers the AWA, which, in part, establishes requirements concerning the transportation, sale, and handling of certain animals and (2) regulations established under the AWA set standards for the humane care and treatment for certain animals that are exhibited to the public, sold for use as pets, used in research, or transported commercially.  Defendants deny the remaining allegations in paragraph 2.

3.   The allegations contained in this paragraph are immaterial and impertinent to this action, and, therefore, no response is required.

4.   The allegations contained in this paragraph are immaterial and impertinent to this action, and, therefore, no response is required.

5.   The allegations contained in this paragraph are immaterial and impertinent to this action, and, therefore, no response is required.

6.   The allegations contained in this paragraph are immaterial and impertinent to this action, and, therefore, no response is required.

7.  The allegations contained in this paragraph contain legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

8.  The allegations contained in this paragraph contain legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to from a belief as to the truth of the allegations regarding Plaintiff's motivation and therefore denies the same.  Defendants deny the remaining allegations.

## JURISDICTION AND VENUE

9.  This paragraph contains Plaintiff's assertions of jurisdiction to which no response is required.  To the extent a response is deemed required, Defendants admit this Court has jurisdiction, subject to the terms and conditions of the FOIA.  Defendants deny that this Court has jurisdiction under the APA.

10. This paragraph contains Plaintiff's statement of venue to which no response is required. To the extent a response is deemed required, Defendants admit that this Court is a proper venue for actions under the FOIA.

## PARTIES

11. Defendants are without knowledge or information sufficient to confirm or deny the allegations contained in this paragraph and, on that basis, deny them.

12. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants admit that APHIS is an agency of USDA and that APHIS is in possession of some records that are the subject of Plaintiff's FOIA requests at issue in this lawsuit.

13. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants admit that USDA is an Executive Branch Department and that APHIS is an agency of USDA.  Defendants further admit that APHIS is in possession of some records that are the subject of Plaintiff's FOIA requests at issue in this lawsuit.

14. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants admit that Sonny Perdue is the Secretary of USDA but deny that Secretary Perdue is a proper defendant.

## LEGAL FRAMEWORK

### *The Freedom of Information Act*

15. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute and case law are the best evidence of their contents.

16. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

17. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

18. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

19. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

20. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

21. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

*The Administrative Procedure Act*

22. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

23. [Omitted in Complaint]

24. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited statute is the best evidence of its contents.

25. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited case law is the best evidence of its contents.

26. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited case law is the best evidence of its contents.

*The Animal Welfare Act*

23.[1]  The allegations in this paragraph are immaterial and impertinent to this action, and, therefore, no response is required.  To the extent a response is required, this paragraph contains conclusions of law, and Defendants aver that the cited statute is the best evidence of its contents.

24 (second).  The allegations in this paragraph are immaterial and impertinent to this action, and, therefore, no response is required.  To the extent a response is required, this paragraph contains conclusions of law, and Defendants aver that the cited statute and regulations are the best evidence of their contents.

25 (second).  The allegations in this paragraph are immaterial and impertinent to this action, and, therefore, no response is required.  To the extent a response is required, this paragraph

---

[1] Defendants' answer follows a numbering error that appears in the Complaint.

contains conclusions of law, and Defendants aver that the cited statute and regulations are the best evidence of their contents.  Defendants admit that APHIS conducts inspections in accordance with 7 U.S.C. 2146 and that APHIS inspectors communicate any deficiencies to the facility representative and document any noncompliant items in a written inspection report. *See* https://www.aphis.usda.gov/aphis/ourfocus/animalwelfare/sa_awa/ct_awa_inspections

26 (second).  This paragraph contains Plaintiff's characterizations of the contents of the records to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## FACTS GIVING RISE TO CAUSES OF ACTION

*HSUS's FOIA Requests and Administrative Appeals*

27. Admit.

28. This paragraph contains Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants aver that the FOIA request is the best evidence of its contents and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's undercover investigation and therefore deny the same. Defendants admit only that Plaintiff's July 14, 2017, FOIA request sought copies of inspection reports from January 1, 2015, to the time the agency fulfills the request relating to facilities operating under USDA Certificate No. 52-C-0035.  Defendants admit only that Certificate No. 52-C-0035 is issued to Karl Mogensen, DBA Natural Bridge Zoological Park, Natural Bridge, VA. Defendants further admit only that APHIS acknowledged receipt of the request on July 14, 2017, and assigned tracking number 2017-APHIS-05532 to the request. Defendants deny any remaining allegations.

29. Defendants admit that APHIS received a FOIA request on July 26, 2017, and Defendants aver that the FOIA request is the best evidence of its contents.  Defendants admit that APHIS acknowledged receipt of the July 26, 2017, and assigned it tracking number 2017-APHIS-05755-F.

30. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit only that the target response date provided to Plaintiff in the acknowledgement letter was August 11, 2017.

31. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit only that the target response date provided to Plaintiff in the acknowledgement letter was August 23, 2017.

32. Defendants admit that APHIS received a letter on January 25, 2018, and Defendants aver that the letter is the best evidence of its contents.

33. This paragraph contains Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants admit only that APHIS issued a response to FOIA request 2017-APHIS-05755-F on January 25, 2018 and produced 19 pages of records with information withheld under Exemptions 6 and 7(C).  Defendants aver that the response is the best evidence of its contents.  Defendants deny the remaining allegations in this paragraph.

34. This paragraph contains Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants admit only that APHIS issued a response to FOIA request 2017-APHIS-05532-F on January 31, 2018 and produced responsive records, with information withheld under Exemptions 6 and 7(C).  Defendants aver that the response is the best evidence of its contents.  Defendants deny the remaining allegations in this paragraph.

35. Admit.

36. Defendants aver that the appeal letter is the best evidence of its contents.

37. Defendants aver that the appeal letter is the best evidence of its contents.

38. Admit.

39. This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit only that the target response date provided to Plaintiff in the acknowledgement letters was March 13, 2018 and avers that the letters are the best evidence of their contents.

40. Admit, except that Defendants aver that APHIS provided an estimated date of completion for FOIA 2018-APHIS-00187-A on March 13, 2018.

41. Defendants admit that APHIS issued a response to the FOIA appeal on March 14, 2018, and aver that the response is the best evidence of its contents.

42. This paragraph contains conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants aver that the response is the best evidence of its contents and deny any remaining allegations.

43. Admit.

*USDA's History of Releasing AWA Inspection Information*

44. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

45. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

46. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

47. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

48. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

49. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

50. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

51. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

52. The allegations in this paragraph, which relate to Plaintiff's dismissed APA claim, are immaterial and impertinent to this action, and, therefore, no response is required.

*Importance of AWA Inspection Records*

53. This paragraph contains Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's interest in the records and therefore denies the same.  Defendants deny any remaining allegations.

54. This paragraph contains Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's or other entities' interest in the records and therefore denies the same.  Defendants deny any remaining allegations.

55. This paragraph contains Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations regarding Plaintiff's or other entities' interest in the records and therefore denies the same.  Defendants aver that the cited publications are the best evidence of their contents.  Defendants deny any remaining allegations.

56. This paragraph contains Plaintiff's characterizations to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's or other entities' interest in the records and therefore denies the same.  Defendants deny any remaining allegations.

## CLAIMS FOR RELIEF

*Count 1:  Defendants Unlawfully Withheld Dealer Information that is Required to be Released*

57. Defendants incorporate by reference their responses to Paragraphs 1-56.

58. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

59. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

60. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

61. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

*Count 2:  Defendants Unlawfully Withheld Exhibitor Information that is Required to be Released*

62. Defendants incorporate by reference their responses to Paragraphs 1-61.

63. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

64. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

65. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

66. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

67. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

*Count 3:  Defendants Unlawfully Withheld Segregable Portions of Public Information*

68. Defendants incorporate by reference their responses to Paragraphs 1-67.

69. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

70. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

71. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

*Count 4:  Defendants Unlawfully Failed to Explain Their New Policy of Withholding*

*AWA Inspection Report Information*

72. Defendants incorporate by reference their responses to Paragraphs 1-71.

73. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

74. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

75. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

76. This paragraph contains legal conclusions and Plaintiff's characterizations to which no response is required.  To the extent a response is required, the allegations are denied.

**PRAYER FOR RELIEF**

The remaining paragraphs of the Complaint contain Plaintiff's prayer for relief to which no response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. BAR # 472845

DANIEL F. VAN HORN
Chief, Civil Division
D.C. BAR # 924092

By:_____/s/_____
JOSHUA KOLSKY
D.C. BAR # 993430
Assistant United States Attorney
District of Columbia
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2541
Fax: (202) 252-2599

*Counsel for Defendant*